# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1107

_____

Annette Brown,

        Appellant,

v.

Montgomery Kone, Inc.,

        Appellee.

\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri.
\*
\*       [UNPUBLISHED]

_____

Submitted: September 12, 2001

Filed: October 17, 2001

_____

Before MORRIS SHEPPARD ARNOLD and BRIGHT, Circuit Judges, and
BOGUE,[1] District Judge.

_____

PER CURIAM.

Annette Brown claimed in the district court[2] that Montgomery Kone, Inc.
(Kone) negligently failed to maintain an elevator in which she was riding, thus

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District
of South Dakota, sitting by designation.

[2]The Honorable Terry I. Adelman, United States Magistrate Judge for the
Eastern District of Missouri, sitting by consent of the parties. *See* 28 U.S.C. § 636(c);
*see also* Fed. R. Civ. P. 73(a).

causing her injuries when the elevator moved suddenly and threw her to the ground. At the close of Ms. Brown's case, the district court granted Kone judgment as a matter of law on the ground that Ms. Brown had failed to make out a submissible case on the issues of negligence and proximate cause. We affirm.

Kone is not an insurer of those who ride in the elevators which it has undertaken to maintain; there must be a showing that there was some negligent failure to maintain on Kone's part before an injured rider may recover from Kone. *See Minden v. Otis Elevator Company*, 793 S.W.2d 461, 463 (Mo. Ct. App. 1990). Here, it is uncontroverted that Kone had no notice before the accident in which Ms. Brown was injured that the relevant elevator had ever experienced a difficulty with moving suddenly, nor is there any evidence that Kone had failed in any way in its maintenance responsibilities. Thus, we discern no evidence of negligence on Kone's part.

Ms. Brown argues that because the elevator in which she was riding had experienced other difficulties before the accident that caused her injury, and because Kone had notice of that fact, it was error to grant Kone's motion for judgment. We think that this argument is without merit. Generalized difficulties are not enough to put Kone on notice of the particular difficulty that caused Ms. Brown's injury. There was no evidence, moreover, that Kone failed in any way properly to respond to reports that the elevator was malfunctioning. Furthermore, without evidence of what caused the elevator to move suddenly resulting in Ms. Brown's injury, no reasonable person could conclude that, in the exercise of reasonable diligence, Kone would have discovered the problem. Finally, because there is no evidence that Kone should have discovered and repaired the problem, Ms. Brown's case failed on the element of proximate cause.

We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.